**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RUTILIO AGUIRRE MEDINA,

     Petitioner,

v.                              No. 2:26-cv-0885-KWR-JHR

WARDEN, Otero County Processing Center, *et al.*,

     Respondents.

**MEMORANDUM OPINION AND ORDER DIRECTING AMENDMENT**

Before the Court is Petitioner Rutilio Aguirre Medina's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition).   Also before the Court are Petitioner's Motion to Proceed In Forma Pauperis (Doc. 2) (IFP Motion) and Emergency Motion for Immediate Release (Doc. 3).   It appears Petitioner is unable to prepay the $5.00 habeas filing fee.   The Court will grant the IFP Motion (Doc. 2) pursuant to 28 U.S.C. § 1915(b)(4) and Petitioner shall be excused from prepaying the filing fee.

Petitioner challenges his custody by Immigration and Customs Enforcement (ICE) at the Otero County Processing Center in Chaparral, New Mexico.   Petitioner states he was arrested on January 31, 2026 because "[t]he officer alleged that he was driving outside the lane."   (Doc. 1) at 1.  He states he was transferred to ICE custody on February 2, 2026, and he asks the Court to "review the legality of this detention."   *Id.*   The Emergency Motion for Immediate Release makes identical allegations as the Petition.   *See* (Doc. 3).

On this record, the Court cannot adequately evaluate Petitioner's claims under Habeas Rules 1 and 4 to determine whether the Government should file an answer.   Petitioner does not

state the date he entered the United States or whether he has been provided a bond hearing by an Immigration Judge.   The Court is therefore unable to determine if Petitioner raises a claim for relief under 8 U.S.C. § 1226.   If Petitioner is being detained under 8 U.S.C. § 1226(a) and has been provided a bond hearing, the Court is precluded from reviewing an Immigration Judge's discretionary decision to deny bond under a decision under that statute.   *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.").   The Court is further precluded from requiring multiple bond hearings.   *See Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018) (concluding that §§1225(b), 1226(a), and 1226(c) do not give detained immigrants the right to periodic bond hearings during the course of their detention pending a final order of removal).   Additionally, Petitioner does not state whether he is under a removal order, so the Court is unable to determine whether he raises a colorable claim challenging his detention under 8 U.S.C. § 1231.

For the foregoing reasons, it is unclear if Petitioner can raise a colorable claim for habeas relief.   The Court will therefore deny the Emergency Motion for Immediate Release (Doc. 3) without prejudice and require Petitioner to file an amended Section 2241 petition within twenty-one (21) days of entry of this Order.   The amendment should include more details about when Petitioner entered the United States; what process (hearings, etc.) Petitioner has received so far; the status of his immigration proceedings, including the date of any removal order and whether it is on appeal; and whether the Immigration Court has denied him bond.   The Court encourages Petitioner to provide his A-Number and attach copies of any Immigration Court orders, if possible.

2

The failure to timely amend in accordance with these instructions may result in dismissal of this case without prejudice and without further notice.

**IT IS THEREFORE ORDERED** that **within twenty-one (21) days** of entry of this Order, Petitioner must file an amended Section 2241 petition as set forth above;

**IT IS FURTHER ORDERED** that Petitioner's Motion to Proceed In Forma Pauperis. (**Doc. 2**) is **GRANTED** and Petitioner's Emergency Motion for Immediate Release (**Doc. 3**) is **DENIED without prejudice.**

    /S/ KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

3